UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15CR188 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHAEL HASAN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon motions filed by defendant, Michael Hasan, *pro se*, to withdraw his guilty plea. (Doc. Nos. 33 and 40.) The government opposes the motions. (Doc. No. 42.) For the reasons that follow, the defendant's motions to withdraw his plea are denied.

**I.  BACKGROUND**

On May 20, 2015, the defendant was named in a 1-count Indictment in which he was charged with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Upon motion of the defendant, the Court ordered that evaluations be prepared to determine his competency and sanity. (Doc. Nos. 10 and 11.) Additionally, upon further motion of the defendant, the Court ordered that a pre-plea sentence report as to criminal history be prepared by the U.S. Pretrial and Probation Office. (Doc. No. 12 and 7/20/2015 Order.)

On December 28, 2015, the Court found the defendant competent to stand trial and to properly assist with his defense. (Doc. No. 21.) Thereafter, the defendant filed a motion to suppress and a hearing was held on the motion on February 12, 2016. On February 22, 2016, the

Court announced its ruling in which it denied the defendant's motion to suppress. (Minute Order dated 2/22/2016.)

On March 28, 2016, the defendant pleaded guilty to the charge set forth against him in the Indictment. A presentence investigation report was ordered and the matter was set for sentencing for June 28, 2016. (Minutes of Proceedings dated 3/28/2016.) Of particular importance, on August 21, 2015, well in advance of the defendant entering plea of guilty to the charge, defendant received the pre-plea criminal history report, in which it was reported that he appeared to qualify as an Armed Career Criminal. (Doc. No. 14.)

On May 18, 2016, the Court received correspondence from the defendant in which he threatened his attorney, Brian Pierce, with physical harm. (Order dated 5/18/2016 and sealed letter attached thereto.) The Court provided the defendant's counsel with a copy of the correspondence and, citing a breakdown in communication with the defendant, Mr. Pierce filed a motion to withdraw as counsel for the defendant. (Doc. Nos. 28 and 29.)

During a hearing on May 25, 2016, the Court granted the motion of Mr. Pierce to withdraw as counsel and appointed Attorney Thomas Conway as new counsel for the defendant. (Minute Order dated 5/23/22016.) Upon motion of the defendant, the sentencing hearing was continued to July 15, 2016. (Doc. No. 31 and Order dated 6/8/2016.) In the interim, on June 6, 2016, the first disclosure of the presentence report was provided to the parties. (Doc. No. 32.) As in the pre-plea criminal history report, the first disclosure of the presentence report indicated that the defendant appeared to meet the criteria for designation as an Armed Career Criminal.

On June 9, 2016, the Clerk's Office received a *pro se* motion from the defendant seeking to withdraw his plea. (Doc. No. 40.[1]) In this motion, the defendant seeks to withdraw his guilty plea "due to ineffective assistance and black mail" of his original counsel, Mr. Pierce. On July 1, 2016, defendant filed a second *pro se* motion in which he summarily concludes that there is a "fair and just reason for requesting the withdrawal . . . that can only be rightfully expressed through an oral hearing before the court." (Doc. No. 33.) In each motion, the defendant represents that his lawyer refused to file the motion at his request.

## II.   LAW AND ANALYSIS

### A.  *Defendant Does Not Have the Right to "Hybrid Representation"*

Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814-18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (!975), they have no protected right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller*, 561 F. App'x 485, 488 (6th Cir. 2014); *United States v. Green*, 388 F.3d 918, 922-23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (internal citation omitted). *See Mosely*, 810 F.2d at 97-98. Further, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

---

[1] Although the docket reflects that this pro se motion was docketed on July 14, 2016, the envelope in which the motion was mailed reflects that the Clerk of Court received the documents on June 9, 2016. (Doc. No. 40-1.)

As such, it is well settled that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party.") (citation omitted); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel) (citation omitted); *see also McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief on appeal when represented by counsel).

And in this particular case there is no reason to stray from this widely accepted rule. Defendant has not attempted to invoke his constitutionally protected right to proceed without the assistance of counsel, pursuant to *Faretta,* 422 U.S. at 814-18. Moreover, defendant continues to receive representation from his appointed counsel. The Court finds that allowing defendant to file *pro se* motions, while simultaneously enjoying representation by counsel, will result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 F. App'x at 488 (noting that hybrid representation is generally prohibited because it increases the risk of delay, confusion and conflicts in trial strategy).

For these reasons, alone, defendant's *pro se* motions to withdraw his plea are denied.

### B. Defendant Has Failed to Demonstrate Good Reasons to Support Withdrawal of Plea

The right to withdraw a properly accepted guilty plea is not absolute. *United States v. Wilson*, 351 F. App'x 94 (6th Cir. 2009). After the court accepts a guilty plea but before sentencing, a defendant may withdraw his plea and proceed to trial only if: (1) the court rejects a plea agreement under Rule 11(c)(5) of the Federal Rules of Criminal Procedure; or (2) the defendant provides "a fair and just reason for requesting the withdrawal." *See United States v. Dixon*, 479 F.3d 431, 436-38 (6th Cir. 2007); Fed. R. Crim. P. 32 (e). In considering whether "a

fair and just reason" exists, courts consider several factors, including time delay, valid reason for the delay, viable claim of innocence, circumstances of the plea, defendant's nature and background, defendant's prior experience with the judicial system, and potential prejudice to the government. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008).

The defendant bears the burden of demonstrating "good reasons" to support the withdrawal of his plea, *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (citation omitted), and the decision to grant a withdrawal rests with the discretion of the district court. *United States v. Woods*, 554 F.3d 611 (6th Cir. 2009); *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999).

"Rule 32(e) was not intended to allow a defendant to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Beasley,* 73 F. App'x 98, 121 (6th Cir. 2003) (quotation marks and citation omitted). While an intervening change in the law or newly discovered evidence may qualify as "good reasons," *see United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004), *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005), a defendant's misapprehension of, or dissatisfaction with sentencing consequences, is not a "fair and just" reason for withdrawing a guilty plea. *See, e.g., United States v. Scott*, 929 F.2d 313, 315 (6th Cir. 1991).

Turning to the relevant factors by which requests to withdraw pleas are tested, the Court notes that the defendant did not have a quick change of heart, but waited over two months after offering his plea before he sought to withdraw it. Such a lengthy and unexplained delay militates against permitting the plea to be withdrawn. *See Durham*, 178 F.3d at 998-99 (77 day delay weighed heavily against permitting a withdrawal of a guilty plea); *United States v. Goldberg*,

862 F.2d 101, 104 (6th Cir. 1988) (55 day delay in requesting withdrawal was the strongest factor supporting the district court's refusal to withdraw a defendant's plea); *United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987) (denying motion to vacate guilty plea five weeks after plea was entered).

Defendant has given a number of vague and conclusory reasons as a basis to withdraw his plea. In correspondence received by the Court on June 9, 2016, he stated that he wished to withdraw his plea "due to ineffective counsel and black mail [sic] of that counsel." (Doc. No. 40.) In correspondence received by Court on July 1, 2016, he states that his plea was "hastily entered . . . with an unsure heart and confused mind." (Doc. No. 33.) With respect to the particulars, defendant maintains that his original counsel attempted to coerce him by suggesting that, if he went to trial, the next time he saw his mother would be in a casket. (*Id*. at 266.) He also claims that his counsel told him that he would ensure that defendant served his time at his current institution "knowing that I the defendant his client was being discriminated and retaliated against for filing a sexual abuse claim on a . . . staff member." (*Id*.) It is defendants belief that, if he is granted a hearing, undisclosed "tangible evidence will be brought forth to show . . . circumstances impairing the defendant's ability to make a sound, intelligent, vital decision." (Doc. No. 33 at 184.)

The record does not support defendant's position, and defendant has failed to establish a fair and just reason for withdrawing his guilty plea. At the March 28, 2016 plea hearing, the Court engaged defendant in a thorough plea colloquy wherein it extensively explored defendant's understanding of the consequences of his guilty plea and his desire to enter such a plea. He affirmatively stated that he was not under the influence of any drugs and he denied having any mental conditions that would impair his ability to understanding the plea

6

proceedings. He was actively engaged during this colloquy and was able to effectively answer the Court's questions regarding the rights he was abandoning by pleading guilty and his intent to change his plea. His present contention that his judgment was impaired, therefore, rings hollow. *See United States v. Rollins*, 552 F.3d 739 (8th Cir. 2009) (no fair and just reason to withdraw guilty plea despite defendant's diagnosis of psychological disorders and consumption of prescription medication because defendant was responsive and engaged at plea colloquy and advised the court that he was not under the influence of mind altering drugs).

Such a finding is especially warranted here where the facts defendant points to as contributing to his mental anguish were known to him at the time he entered the plea. *See Spencer*, 836 F.2d at 239 (rejecting reason that defendant entered his guilty plea out of fear of retribution from a co-conspirator who had since died, emphasizing that "where a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker") (citing *United States v. Usher*, 703 F.2d 956 (6th Cir. 1983)). Far from suggesting that his counsel was attempting to coerce him into pleading guilty, defendant affirmatively represented that he was completely satisfied with the representation of counsel and that *no one* had coerced him into entering a guilty plea. *See Goldberg*, 862 F.2d at 104 (district court did not abuse its discretion in denying a motion to withdraw a guilty plea where defendant stated at the plea hearing that he was not under any duress); *see, e.g., United States v. Murphy*, 572 F.3d 563, 570 (8th Cir. 2009) (defendant's claim that his mind was unclear and his decision making capacity impaired by long term drug use and unfit mental state did not establish fair and just reason to withdraw guilty plea where he stated he was not on any medication and that there was nothing about his mental state that would interfere with his ability to understand the proceedings, and that he was satisfied with counsel's representation). Though

given every opportunity to do so at the plea hearing, defendant did not raise any of the reasons he now claims as support for his position that his ability to enter a knowing and voluntary plea was compromised.

Instead, defendant advised the Court at the plea hearing that he was entering a guilty plea because he was guilty of the crime charged in the indictment. The fact that he has not maintained his innocence, and has, in fact, acknowledged his guilt, also weighs against a finding of a fair and just reason to support the withdrawal of a guilty plea. *See Durham*, 178 F.3d at 799 (rejecting argument that defendant was coerced by the government to plead guilty as a fair and just reason where the defendant did not maintain his innocence and did not prove that he was coerced); *see, e.g., United States v. Walker*, 447 F.3d 999, 1004 (7th Cir. 2006) (district court did not abuse its discretion in finding that defendant's judgment was not so clouded by emotion and fear over the trial court's denial of a motion to transfer and his ability to get a fair trial such that he did not raise a "far and just reason" where defendant freely admitted that he was guilty of the crimes charged).

The timing of the present motions is also suspicious. Defendant did not seek to withdraw his guilty plea until after the publication of the PSR containing a conclusion that defendant would qualify for treatment as an armed career criminal. Defendant's anger or frustration over such a determination does not establish a fair and just reason to withdraw his plea. *See United States v. Daniel*, 569 F. App'x 401, 404 (6th Cir. 2014) (a defendant was not entitled to withdraw his guilty plea where he did not maintain his innocence and moved to withdraw his plea "only after the probation officer recommended that . . . he be sentenced as an armed career criminal").

Ultimately, the Court finds that defendant has failed to establish a fair and just reason for withdrawing his guilty plea. In addition to the substantial delay in raising the present motions, the vague and suspect reasons for requesting leave to withdraw, and the fact that defendant has not maintained his innocence, defendant also has considerable experience with the criminal justice system and the process by which one enters a guilty plea and is sentenced, a fact which is detailed in his competency evaluation. All of these factors weigh against a finding that defendant is entitled to withdraw his plea. *See, e.g., United States v. Catchings*, 708 F.3d 710, 718-19 (6th Cir. 2013) (no fair and just reason to withdraw guilty plea where defendant waited over 2 months to file motion to withdraw plea and presented no reason for delay, did not assert his innocence, entered plea knowingly and voluntarily, and had extensive prior experience with the criminal justice system). For all of these reasons, defendant's motion to withdraw his guilty plea is denied.

**IT IS SO ORDERED**.

Dated: July 15, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**