# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15-cr-188 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHAEL D. HASAN, | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Michael Hasan ("Hasan") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 53 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 55 ["Opp'n]), and Hasan has filed a reply. (Doc. No. 56 ["Reply"].) For the reasons set forth herein, the motion to vacate is DENIED.

## I. BACKGROUND

On May 20, 2015, Hasan was charged by indictment with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1 (Indictment ["Ind."]).) Specifically, the indictment charged that Hasan was in possession of a 9mm pistol and ammunition having been previously convicted of attempted felonious assault, possession of a weapon while under a disability, and assaulting a police officer. (Ind. at 1[1].)

On March 28, 2016, Hasan entered a plea of guilty to the charge in the indictment.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

(3/28/2016 Minutes of Proceedings.) During the change of plea hearing, in which Hasan appeared with his counsel, the Court conducted its standard colloquy with Hasan in compliance with Rule 11 of the Federal Rules of Criminal Procedure. The Court reviewed with Hasan the constitutional rights he was forfeiting by entering a guilty plea, the charge in the indictment, the statutory penalties associated with that charge, the application of the sentencing guidelines and possible enhancements, and the elements of the charged offense. As to each, Hasan stated he understood and was prepared to enter a plea of guilty to the charge in the indictment. The Court also asked government's counsel to state the facts the government was prepared to prove if the case were to go to trial, including the facts relating to Hasan's prior convictions. Following this recitation, Hasan indicated that he understood and that he was guilty of being a felon in possession. At the conclusion of the plea colloquy, the Court accepted Hasan's plea as having been made knowingly, intelligently, and voluntarily with the advice of counsel.

On July 15, 2016, the Court sentenced Hasan to a term of imprisonment of 180 months. (7/15/2016 Minutes of Proceedings; Doc. No. 45 (Judgement).) Hasan took a direct appeal, challenging whether his prior aggravated robbery conviction qualified as a violent felony under the Armed Career Criminal Act's use-of-force clause. On May 23, 2017, the Sixth Circuit Court of Appeals answered the question in the affirmative and affirmed the Court's judgment. (Doc. No. 51 (Order).) The mandate issued on June 14, 2017. (Doc. No. 52 (Mandate).)

On June 30, 2020, more than three years after the Sixth Circuit affirmed Hasan's conviction and sentence, Hasan filed the present § 2255 motion. Citing the Supreme Court's decision in *Rehaif v. United States*, --U.S.--, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), Hasan insists that the government "erred initially by not instructing the indicting grand jury to find that

the defendant knew of his status." (Mot. at 372.) He surmises that "[i]f the defendant['s] status is never established it should be unlawful to proceed with a grand jury federal indictment if 'knowledge of status' is needed for a conviction of [18 U.S.C. §] 922(g)(1)." (*Id*.) Hasan believes that this omission renders his conviction invalid. The government argues that Hasan's *Rehaif* claim is procedurally defaulted and, in any event, the motion is time-barred. (Opp'n at 380–83.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603–04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a petitioner challenges the validity of a plea, the representations of the petitioner, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id.*

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements

of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Hasan's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute. Further, the Court finds that the uncontradicted record conclusively shows that Hasan is entitled to no relief.

**III. HASAN'S § 2255 MOTION IS TIME-BARRED**

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on July 15, 2016 and was affirmed on direct appeal on June 14, 2017. The one-year statute of limitations period began to run after the expiration of the 90-day period of time in which Hasan could have sought certiorari review from the United States Supreme Court. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427–28 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Hasan was required to file his § 2255 motion by September 12, 2018. Instead, he filed the instant motion on June 30, 2020, almost two years after the statutory limitations period expired. Accordingly, the motion is not timely under § 2255(f)(1).

Hasan does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present § 2255 motion. *See* § 2255(f)(2), (4). He does, however, cite the Supreme Court's decision in *Rehaif*, which was issued on June 21, 2019.[2]

---

[2] Hasan's motion to vacate, filed June 30, 2020, was not even filed within one year of the June 21, 2020 decision in *Rehaif*. However, Hasan maintains he sent his motion via certified U.S. Mail to the Court on June 18, 2020. (Reply at 391.) He also insists that "[s]ince the Supreme Court decision in June 2017 [he] has been in segregation more than he has been in general population." (*Id*.) Based upon the foregoing, and for purposes of considering the asserted *Rehaif* issue, the Court will assume that the motion to vacate was filed within one year of the decision in *Rehaif*.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation omitted). Courts throughout this circuit have likewise recognized that *Rehaif* does not apply retroactively to cases on collateral appeal. *See Swindle v. United States*, No. 1:17-cr-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) (collecting cases); *United States v. Saunders*, No. 1:17-cr-511, 2020 WL 3447819, at *2 (N.D. Ohio June 23, 2020) (similar). Circuit courts are in accord. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* . . . did not announce a new rule of constitutional law" made retroactive to cases on collateral review) (quotation marks and citations omitted); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.") Accordingly, because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply and Hasan's motion is time-barred.[3]

---

[3] The Court does not understand Hasan to be raising equitable tolling. The limitations period in § 2255(f) is not jurisdictional and subject to equitable tolling under extraordinary circumstances. *Reed v. United States,* 13 F. App'x 311, 312 (6th Cir. 2001). To warrant tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir. 2001). Typically, traditional equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560–61 (6th Cir. 2000). The motion contains no allegation that extraordinary circumstances stood in Hasan's way and prevented him from timely filing his § 2255 motion, nor is there any evidence that Hasan diligently pursued his rights. Since Hasan has failed to offer any explanation for the delay, the Court finds he has failed to demonstrate that traditional equitable tolling is appropriate in his case.

IV. **HASAN'S CLAIMS ARE PROCEDURALLY BARRED**

Even if Hasan had timely filed this motion, his claim would be procedurally defaulted because Hasan failed to raise this issue on appeal. As previously observed, issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). Hasan did not raise the objection on direct appeal that he lacked knowledge of his status as being in a category of individuals prohibited from owning or possessing a weapon.[4] *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection in petitioner's opening brief on direct appeal would not have been futile and that the objection was not unavailable to the petitioner even though the decision was issued after petitioner appealed)[5]; *see also Blousley*, 523 U.S. at 622 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (internal quotation marks and citations omitted)). Hasan's claim, therefore, is procedurally defaulted.

---

Tolling is also available under the actual innocence doctrine. Therein, the limitations period in 28 U.S.C. § 2255(f) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes,* 304 F. App'x 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 F. App'x 450, 458–59 (6th Cir. 2008); *Souter v. Jones,* 395 F.3d 577, 589–90 (6th Cir. 2005). As set forth below, Hasan has failed to establish that he is "actually innocent" of the crime for which he plead guilty.

[4] It is true that ineffective assistance of counsel can serve as a basis for excusing a procedural default. *See Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citation omitted). While Hasan claims that his trial attorney was ineffective for failing to challenge certain predicate offenses, he does not allege that his counsel was ineffective for failing to challenge the elements of the underlying felon in possession crime.

[5] As the Sixth Circuit in *Wooden* observed, while *Rehaif* was not issued until June 21, 2019, even well before then, the issue of whether knowledge of prohibited status was an element of being a felon in possession of a firearm charge "was at the forefront of the relevant legal landscape." *Wooden*, 945 F.3d at 506. In fact, this issue had been "percolating in the courts for years". *United States v. Bryant*, No. 11-cr-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020).

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)—that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Applying a liberal interpretation to Hasan's motion, it appears Hasan is arguing that he is actually innocent of a § 922(g) violation because the government failed to establish that he knew he belonged to a group prohibited from owning or possessing weapons. (Mot. at 371 ["The government cannot prove that the defendant and petitioner knew he belonged to a relevant category of persons barred from possessing a firearm . . . ."].)

Hasan's claim of actual innocence is meritless. Here, Hasan chose to plead guilty to the offense, relieving the government of its obligation to prove that he knew that he belonged to the relevant category of persons barred from possessing a firearm. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). Hasan was advised of the consequences of his guilty plea by the Court and counsel and stated under oath that he understood his decision. The record reflects his

guilty plea was knowing and voluntary.[6] Having waived his right to hold the government to its burden of proof, Hassan cannot complain the evidence against him would have been insufficient.

Finally, Hasan does not appear to claim he was unaware of his multiple prior felony convictions,[7] or that he was unaware that he possessed a firearm and ammunition, rather he only states that the government failed to prove these elements. (Mot. at 371.) Even if true, Hasan's knowledge of the ramifications of his felony convictions is irrelevant to his subsequent guilty plea § 922(g) conviction. The law simply does not require that Hasan knew his possession of a firearm was unlawful. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he were unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*).

Accordingly, Hasan's motion is time-barred and his claim is procedurally defaulted. He is, therefore, not entitled to relief under 28 U.S.C. § 2255.

---

[6] Hasan claims that "[i]t is a scientific fact that the male mind/brain doesn't fully develop until the late 20's. As a mentally disturbed offender and an adolescent it is virtually impossible for Michal Hasan [to know] his status [and to] be fully knowledgeable of his violation of the elements of 18 U.S.C. § 922(g)(1) [.]" (Mot. at 373.) Contrary to Hasan's representations, the Court determined Hasan to be competent, following the preparation of a psychiatric evaluation and a competency hearing. Further, Hasan is an adult, having attained the age of 23 before he committed the charged offense, and having reached the age of 24 by the time he was sentenced. (Doc. No. 32 (Final Presentence Investigation Report ["PSR"]) at 168.)

[7] Indeed, during the plea colloquy, one of Hasan's prior convictions—aggravated robbery, a felony of the first degree—was explicitly discussed and identified as a felony offense. Moreover, during the government's recitation of the facts, the government represented that it could prove that defendant was previously convicted of assault and attempted felonious assault in the Cuyahoga County Court of Common Pleas and that those prior offenses were crimes punishable by imprisonment for more than one year and, therefore, disqualified Hasan from possession of the firearm with which he was found. Hasan conceded that these were facts that the government would be able to establish by proof beyond a reasonable doubt.

V. **Conclusion**

For the foregoing reasons, the motion of defendant Michael Hasan to vacate, set aside, or correct his sentence (Doc. No. 53) is DENIED, and this case is dismissed. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 2, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**